The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott M. Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 14 December 1994.
2. The employees of the State involved were W. K. Jones, D. Rowland, Lynn Phillips and Franklin Freeman. They were employees of the North Carolina Department of Correction, and the State of North Carolina, and were acting at all times within the scope of their employment.
3. A package of records, including medical records concerning plaintiff, collectively marked as Stipulated Documents 1, are stipulated into evidence.
4. A Smoking Guidelines Policy, marked as Stipulated Document 2, is stipulated into evidence.
5. A News and Observer article of 6 April 1995, marked as Stipulated Document 3, is stipulated into evidence.
6. A decision from the Department of Health and Human Services, marked as Stipulated Document 4, is stipulated into evidence.
7. A Department of Correction Administrative Remedy Procedure, marked as Stipulated Document 5, is stipulated into evidence.
8. A report from the National Cancer Institute, marked as Stipulated Document 6, is stipulated into evidence.
9. A U.S. Department of Health and Human Services Report, marked as Stipulated Document 7, is stipulated into evidence.
10. A Report from the U.S. Environmental Protection Agency, marked as Stipulated Document 8, is stipulated into evidence.
11. A report regarding secondhand smoke, marked as Stipulated Document 9, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an inmate incarcerated at Wake Correctional Center in Raleigh, North Carolina.
2. Although there are no non-smoking dorms at Wake Correctional Center, smoking is not allowed in the sleeping areas. Smoking is allowed in the day rooms and bathrooms.
3. Ventilation systems are used in those areas where smoking is allowed.
4. Wake Correctional Center is not a handicapped correctional facility. If an inmate required a handicapped facility, he could not be housed at Wake Correctional Center.
5. Plaintiff's health grade is B. Plaintiff does not require a handicapped equipped facility.
6. There is insufficient medical evidence of record from which to prove by its greater weight that plaintiff sustained any injury to his sinuses or lungs as a result of defendant's smoking policy.
7. In addition, there is insufficient medical evidence of record from which to prove by its greater weight that plaintiff sustained any injury as a result of a lack of handrails in the showers at Wake Correctional Center.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq; See, Taylor v. N.C. Department ofCorrection, 88 N.C. App. 446, 363 S.E.2d 868 (1988).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 7/8/96