The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 7 December 1992.
2. The named State employees are Warden Gary T. Dixon, and Sergeant Watson. On 7 December 1992, they were employees of the North Carolina Department of Correction, and were acting at all times within the scope of their employment.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an inmate housed at Central Prison on death row. On 7 December 1992, plaintiff became involved in a fight with another inmate, Mr. Kermit Smith.
2. Both plaintiff and Mr. Kermit Smith were death row inmates at the same level of custody at the time of the fight.
3. There was, however, no notice or advance warning to defendant's named employees, that this fight might occur.
4. Defendant's named employee Sergeant (now Lieutenant) Watson no longer had any supervisory control over the unit and was not present when the fighting occurred.
5. There is insufficient evidence of record from which to determine by its greater weight that defendant's named employee, Warden Gary Dixon, knew or should have known of the fight or the events leading up to the fight, or that he had any involvement in this incident.
6. Department of Correction policy is to allow death row inmates access to day room recreation with other death row inmates.
7. Before the fight began, plaintiff directed profanity to Mr. Kermit Smith, the other party in the fight. As a result, a fight ensued.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq; See, Taylor v. N.C. Department ofCorrection, 88 N.C. App. 446, 363 S.E.2d 868 (1988).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ ____________________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 7/8/96