The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown no good grounds to reconsider the evidence. Therefore, upon review of the evidence of record, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 16 April 1994.
2. The employee of the State involved was Officer Robert Henry. He was an employee of the North Carolina Department of Correction, and was acting at all times within the scope of his employment.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing of the above-captioned matter, plaintiff was an inmate housed in Central Prison. On 16 April 1994, plaintiff was assaulted by two other inmates, Mr. Carl Bryant and Mr. Donnie Flood.
2. On or before 16 April 1994, plaintiff had no problems with the two inmates who assaulted him. The attack on plaintiff was sudden and without warning. There was no notice or advance warning to defendant that this assault would occur.
3. Defendant's named employee, Officer Henry, had no warning or notice that the assault was going to take place when the three inmates went to recreation.
4. Department of Correction policy is to give recreation to four inmates at a time at plaintiff's custody level. On 16 April 1994, only three inmates were given recreation at the same time, as the fourth inmate was underaged. The three inmates were the plaintiff, Mr. Carl Bryant, and Mr. Donnie Flood. All three inmates were at the same level of custody.
5. As soon as the assault began, defendant's named employee Officer Henry called for help. Other officers came and broke up the fight and took plaintiff for medical treatment. As soon as the fight began, defendant took reasonable steps to stop it as quickly as possible.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
On 16 April 1994, there was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq; See, Taylor v. N.C. Department ofCorrection, 88 N.C. App. 446, 363 S.E.2d 868 (1988).
* * * * * * * * * * *
Accordingly, the foregoing stipulations, findings of fact, and conclusion of law engender the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, HEREBY DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 08/08/96