The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 14 October 1993.
2. The employees of the State involved were Officer Joe Jacobs and Superintendent Strickland. On 14 October 1993, they were employees of the State and were acting at all times within the scope of their employment.
3. The medical records concerning plaintiff, marked as Stipulated Documents 1, are stipulated into evidence.
4. An Administrative Remedy Procedure, marked as Stipulated Document 2, is stipulated into evidence.
5. A list of Sentence Reduction Credits, marked as Stipulated Documents 3, is stipulated into evidence.
6. A Judgment Commitment form, marked as Stipulated Document 4, is stipulated into evidence.
7. Five pages of documents, produced by plaintiff, marked as Stipulated Exhibit 5, are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an inmate with the North Carolina Department of Correction, who was convicted of Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury.
2. On 14 October 1993, plaintiff slipped and fell in the shower at the segregation unit at Robeson County Correctional Center.
3. As a result of his slip and fall, however, plaintiff sustained no injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Since plaintiff sustained no injury as a result of his slip and fall on 14 October 1993, there can be no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq.;See, Taylor v. North Carolina Department of Correction, 88 N.C. App. 446,363 S.E.2d 868 (1988).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ____________________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________________ COY M. VANCE COMMISSIONER
LKM/bjp