The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Scott M. Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 24 September 1993.
2. The employee of the State involved was Gary Newkirk. He was an employee of the North Carolina Department of Correction, who was acting at all times within the scope of his employment.
3. The medical records concerning plaintiff from Durham Regional Hospital and Rocky Mount Orthopedics and Sports Medicine are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was an inmate incarcerated at Durham Correctional Facility on or about November 24, 1993.
2. Plaintiff sustained an epileptic fit on 24 November 1993, which caused him to fall from his bunk.
3. Plaintiff was prescribed Dilantin to control his seizures.
4. Plaintiff's Dilantin levels, however, were very low at the time of his fall. Plaintiff had been non-compliant in taking his medication as prescribed.
5. The duties of defendant's named employee, Gary Newkirk, as superintendent, did not include the assigning of bunks to inmates, the medical intake screening of inmates, or the dispensing of medicines to inmates.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq.; Taylor v. N.C. Department of Correction,88 N.C. App. 446, 363 S.E.2d 868 (1988).
2. Even assuming, arguendo, that negligence existed on the part of defendant's named employee which proximately caused plaintiff an injury, plaintiff was contributorily negligent for his failure to take his medication as prescribed. G.S. § 143-291et seq.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER