Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact the following which were stipulated to by the parties:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties.
2. This action was filed with the Commission pursuant to the provisions of the North Carolina Tort Claims Act, N.C. Gen. Stat. 143-291 et seq., against the North Carolina Department of Correction, which is a department of the State of North Carolina.
3. Defendant filed an Answer with the Commission denying all allegations of negligence and alleging contributory negligence as a defense.
4. At times relevant to this case, plaintiff was an inmate of the North Carolina Department of Correction.
5. At times relevant to this case, the individuals alleged in the Affidavit as negligent employees or agents of the North Carolina Department of Correction were in fact employees or agents of the North Carolina Department of Correction.
6. The incident which gave rise to this claim occurred at Brown Creek Correctional Institution in Anson County, North Carolina, on 17 January 1996, at approximately 11:45 p.m.
7. On 17 January 1996, plaintiff was located in Housing Unit #1, A-dorm.
8. On 17 January 1996, at approximately 11:45 p.m., Officer Phillip Riggins was on duty in the control room of Housing Unit #1.
9. On 17 January 1996, inmate Roger Roberson struck plaintiff with a broom handle.
10. The door to A-dorm jammed, and the button had to be pressed several times before it released, and allowed Officer Riggins to pass through to restrain inmate Roberson.
11. After the attack on 17 January 1996, inmate Roberson was placed in a holding cell in full restraints pending transfer to Piedmont Correctional Institution for administrative segregation. Disciplinary action was initiated against inmate Roberson.
12. Plaintiff was immediately taken for medical treatment. Plaintiff suffered a fractured wrist and his left hand was placed in a cast. He was placed in segregation with restrictions for no work.
13. All DOC employees are required to follow DOC policies and procedures in dealing with inmates.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional findings of fact:
 FINDINGS OF FACT
1. Shortly after plaintiff arrived at Brown Creek Correctional Institution on 29 December 1995, his locker was broken into by another inmate, and plaintiffs property contained therein was taken. Plaintiff reported the incident and a new locker was installed to replace the damaged unit.
2. On 11 January 1996, plaintiff discovered fellow inmate Roger Roberson in the process of breaking into the new locker. He reported this to the Control Officer, who in turn reported it to Sergeant Maurice Harrington. Sgt. Harrington arrived on the scene after approximately twenty minutes and examined the damaged locker.
3. Sgt. Harrington testified that although he could not recall the incident, as a matter of policy, the accused inmate would be searched for the missing items and the identity of his accuser would have been common knowledge among the inmates.
4. On 17 January 1996, inmate Roberson, without notice or warning, attacked plaintiff and hit him on the arm with a broomstick. The broomstick had been used in cleaning the area and had not yet been returned to the closet.
5. Guards who witnessed the assault from within a closed station attempted to enter the housing area, but the electronic door stuck and took a few extra seconds to open. Inmate Roberson was removed from the area and transferred to Piedmont Correctional Institution on 18 January 1996. Plaintiff was taken to the nurse for medical treatment. Plaintiff suffered a fractured wrist and was placed on administrative segregation, where he remained for 25 days.
6. Plaintiff has alleged that defendant and Sgt. Harrington were negligent in that (1) inmate Roberson was not removed from the area prior to the assault; (2) the broom was left in a place where it could be used by an inmate as a weapon; (3) the door to the station was in disrepair and there should have been a guard inside the housing area at all times; (4) plaintiff was placed in segregation for 25 days without explanation and in violation of policy and procedure; and (5) plaintiff was not receiving his legal mail.
7. According to the testimony of plaintiff and Superintendent Jackson, plaintiff did not request protective segregation prior to 17 January 1996. He had no problems with inmate Roberson prior to that date, and to the knowledge of all involved, there existed no reason to believe there would be any altercation between plaintiff and inmate Roberson. Superintendent Jackson testified that if they had known of any problems with the inmates, they would have been separated.
8. Defendant or its named employee had no reason to suspect that inmate Roberson would assault plaintiff on 17 January 1996, and the failure to relocate inmate Roberson prior to the assault on plaintiff does not constitute negligence.
9. Cleaning supplies are placed in a locked closet when not in use. Clean up of the units generally begin at 11:30 p.m. and are completed roughly at midnight. This incident occurred at approximately 11:45 p.m.
10. Officer Phillip Riggins made the janitorial assignments on the night of 17 January 1996. Inmate Roger Roberson was not the janitor assigned to clean-up duties on that date.
11. According to the testimony of Superintendent Jackson it is not uncommon for mops or brooms to be inside the dormitory when the janitors are cleaning as each shift is responsible for the sanitation of the dorm. Jackson opined that the officers acted reasonably and in accordance with the policies and procedures of Brown Creek in the handling of the cleaning supplies.
12. The fact that the cleaning supplies had not been put away at the time of the assault does not constitute negligence on the part of defendant or its named employee.
13. Officer Phillip Riggins responded quickly (within 15-20 seconds) to assist the plaintiff once he became aware of the confrontation with inmate Roberson. Plaintiff agreed that the officer responded within seconds of the attack. Any delay of a few seconds due to the faulty electronic door mechanism does not constitute negligence on the part of defendant or its named employee.
14. Plaintiff remained in administrative segregation for 25 days, while an investigation of the 17 January assault was ongoing, and for his own safety. It is not a violation of the policies and procedures of Brown Creek for a prisoner to remain in segregation for more than 15 days. Administrative segregation generally lasts for a period of fifteen days, but can be extended by the Superintendent or a Sergeant.
15. Inmates can be placed in administrative segregation for several reasons including to protect the staff and other inmates from the threat of harm by the inmate; to protect the inmate himself from other inmates; to keep order in the unit; for infractions of the rules of Brown Creek, and during an investigation of any altercations between inmates. Plaintiffs placement in administrative segregation for a period of 25 days does not constitute negligence on the part of defendant or its named employee.
16. During testimony the plaintiff admitted that he had received legal mail while at Brown Creek Correctional Institution. Plaintiff produced a letter stamped in by Brown Creek. There is insufficient evidence to determine whether any other legal mail sent to plaintiff was misdirected or undelivered to plaintiff while at Brown Creek.
17. Plaintiff did not prove with certainty any damages. No documentary evidence was provided as to the value of any damaged property, or any medical injuries.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. N.C. Gen. Stat. 143-291 et seq.; See, Taylor v. N.C. Departmentof Correction, 88 N.C. App. 446, 363 S.E.2d 868 (1988).
2. There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff to not get his legal mail, and plaintiff is entitled to no damages. N.C. Gen. Stat. 143-291 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
This the day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER