***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated in the North Carolina Department of Correction (hereinafter "NCDOC") on November 10, 1998. Alexander was housed in the Unit 1 Facility. The Unit 1 Facility is a maximum security, segregated compound consisting of several floors, each floor being self-contained. A locked door restricts access between floors.
2. NCDOC policy for the Unit 1 Facility prohibits inmates from having contact with each other outside their individual cells. The effect of this policy is that inmates are individually released from their cells for brief periods. This policy exists because the inmates in the Unit 1 Facility are considered dangerous.
3. On November 10, 1998, NCDOC Officer J. Stephens was controlling the electronic cell doors. David Miller, an inmate housed on one floor, was permitted to exit his cell at the same time that plaintiff was permitted to exit his cell on the other floor. The secure door between the floors was unlocked at the time plaintiff and Miller were permitted outside their individual cells. The secure door between floors is under the exclusive control of the NCDOC.
4. Despite the segregation and maximum security of inmates in the Unit 1 Facility, plaintiff and Miller had developed a personal animosity towards each other prior to the altercation. Plaintiff presented no evidence that NCDOC Correction Officers were aware of the personal animosity prior to the fight on November 10, 1998.
5. Plaintiff and Miller came in contact with each other when Miller came to plaintiff's floor. A fight ensued. The facts regarding the initiation of the fight are highly disputed. It is undisputed that plaintiff and Miller had developed a personal animosity between each other and that a large homemade knife was involved in the assault.
6. The evidence of record establishes that no NCDOC officers were within the segregated inmate area.
7. Plaintiff and Miller fought each other, plaintiff sustaining a slight abrasion on his shin when he fell over a steel table. Otherwise, plaintiff sustained no injury during the altercation.
8. NCDOC Officers entered the secured area by which time plaintiff had possession and control of the homemade knife. Plaintiff contends that he laid the knife at his cell door and walked into his cell. He testified that NCDOC Officers then entered his cell and sprayed him with mace. The NCDOC contends that plaintiff was sprayed with mace when he did not obey a verbal command to surrender the knife and carried the knife into his cell. NCDOC Officers acted intentionally in spraying plaintiff with mace.
9. Plaintiff's small wound was treated and no permanent injury was sustained during the altercation.
10. Plaintiff was administratively punished by the NCDOC for initiating the attack on Miller, possession of a weapon and refusing a direct order.
11. The NCDOC offered no witnesses at trial, leaving plaintiff's account of events largely the sole evidence of the events in question. However, plaintiff's testimony is not found to be credible.
 ***********
The forgoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. "[T]he general rule [is] that `a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners."` Taylor v. NorthCarolina Department of Correction, 88 N.C. App. 446, 451, 363 S.E.2d 868, 87l (1988) (quoting Williams v. Adams, 288 N.C. 501, 504, 219 S.E.2d 198,200) (1975) (hereinafter "Taylor"). It is equally established law that the NCDOC is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another. . . ." Taylor, 88 N.C. App. at 452-53, 363 S.E.2d at 871.
2. Under the circumstances of this case, employees of the NCDOC failed to exercise reasonable care by failing to keep the secured door between the floors in the Unit 1 Facility locked. While NCDOC had no prior knowledge that these two particular inmates shared personal animosity and would engage in combat, NCDOC knew that the inmates housed in the Unit 1 Facility are dangerous and prone to acts of violence. Indeed, the inmates housed in the Unit 1 Facility are housed there because of their violent tendencies and segregated in such a way as to prevent the inmates from having personal contact with each other. While the NCDOC is not liable for every altercation between inmates within its custody, it was certainly foreseeable acts of violence may occur if inmates in the Unit 1 Facility were not properly secured. The fact that the secured door between the Unit 1 Facility floors was unlocked while in the exclusive control of NCDOC employees establishes negligence. N.C. Gen. Stat. §143-291(a); Southern, Plaintiff v. North Carolina Department OfCorrection, Defendant (September 25, 1996, I.C. NO. TA-12616) (No negligence found where NCDOC employees were not aware of personal animosity between inmates and inmate was attacked in an area where inmates were permitted to have personal contact); Manning, Plaintiff v.North Carolina Department Of Correction, Defendant (August 21, 1996, I.C. FILE NO. TA-13698) (Negligence not found where sudden attack was unexpected by NCDOC Officers and inmates were in area where contact between inmates was permitted).
3. Under the facts established by the one witness in this case, plaintiff was not contributorily negligent as Miller initiated the assault and plaintiff was defending himself. N.C. Gen. Stat. § 143-291(a).
4. Plaintiff received only a nominal injury to his leg during the altercation, and FIFTY DOLLARS is a reasonable award for the nominal injury. N.C. Gen. Stat. § 143-291.
5. NCDOC Officers were not negligent in spraying plaintiff with mace, as the actions of NCDOC Officers represent intentional conduct. The State Tort Claims Act only applies to negligent acts or omissions. N.C. Gen. Stat. § 143-291, et. seq.
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff shall have and recover from the NCDOC the sum of FIFTY DOLLARS ($50.00) as money damages and the NDCOC shall pay plaintiff the same.
2. No costs are taxed as plaintiff was permitted to file the civil action as an indigent. This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN