***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the Deputy Commissioner hearing as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff was incarcerated at Caledonia Correctional Institution, North Carolina Department of Correction, at the time of the motor vehicle accident which is the subject of this action.
3. Plaintiff and inmate Jonathan Woods were being transported from Caledonia to Central Prison Hospital on the morning of October 13, 1998. The transport van was operated by Correctional Officer Randy Pilgreen. Correctional Officer Robert Kevin Craft was also in the van. In his affidavit filed in this claim, plaintiff named Officers Pilgreen and Craft as the negligent state employees.
4. Plaintiff and Mr. Woods were transported in full restraints.
5. The van left for Central Prison in the early morning. At approximately 6:05 a.m., while in Nash County, the van hit a deer. At the time it was still dark.
6. Upon returning to Caledonia Correctional Institution on October 13, 1998, plaintiff declared an emergency and completed a sick call request.
7. The issues to be determined by the Commission are as follows:
Was defendant's employee Mr. Pilgreen negligent;
If so, was defendant's negligence the cause of any damages suffered by plaintiff;
Was plaintiff contributorily negligent; and
What amount, if any, damages should plaintiff recover from defendant.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 13, 1998, plaintiff was an inmate in the custody of defendant in maximum security status. Plaintiff and inmate Jonathan Woods were being transported from Caledonia Correctional Institution to Central Prison in Raleigh for medical appointments. Pursuant to defendant's policy, plaintiff and Mr. Woods were in restraints. Correctional Officer Randy Pilgreen drove the van transporting the prisoners and Correctional Officer Robert Craft was a passenger in the front of the van. It was dark and there was patchy fog.
2. At approximately 6:05 a.m., a deer ran out into the road in front of the van and collided with the van. There was no evidence offered which indicated Officer Pilgreen saw or should have seen the deer prior to the impact. Neither plaintiff nor Mr. Woods saw the deer prior to the impact.
4. After bringing the van to a stop, the officers asked plaintiff if he was hurt and plaintiff told them that he was not hurt. Neither of the officers or the other inmate suffered any injuries as a result of this accident.
5. The van had only minor damage to its grill and radiator. After a state trooper investigated the accident, plaintiff was taken to Central Prison for the previously-scheduled medical care and thereafter plaintiff was returned to Caledonia. At Central Prison medical personnel examined plaintiff and plaintiff indicated that he had no pain anywhere. No injury was reported by plaintiff to the Central Prison medical staff.
6. After returning to Caledonia, plaintiff complained of neck and back pain and was treated by medical personnel. X-rays of plaintiff's back taken October 30, 1998 were normal.
7. The investigating correctional supervisor, Lieutenant Marrow, concluded in his report that the accident "appeared to be an act of nature and without warning." It was Mr. Marrow's opinion that the accident could not have been prevented.
8. Although plaintiff and Mr. Woods testified that they believed Officer Pilgreen was driving too fast given the weather conditions, plaintiff and Mr. Woods could not actually see the speedometer and could only speculate as to the speed of the van. There is no evidence in the record of the posted speed limit for that road. Mr. Woods testified that Officer Pilgreen increased and decreased his speed, as well as used high beam or regular headlights, as the foggy conditions dictated. The record contains no evidence that if Mr. Pilgreen had been driving slower, the accident would not have occurred.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. There was no negligence on the part of any named employee of the Department of Corrections while acting within the scope of his employment which proximately caused any injury to plaintiff. N.C. Gen. Stat. §143-291 et seq.; Taylor v. Dept. of Correction, 88 N.C. App. 446,363 S.E.2d 868 (1988).
2. Under the law, plaintiff is entitled to no damages. Id.
 ***********
Based on the above findings of fact and conclusions of law, the Full Commission affirms the Order of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, hereby DENIED.
2. Each side shall bear its own costs.
This ___ day of September, 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER