* * * * * * * * * * *
The Full Commission has reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Baddour, and the briefs and oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly brought before the Industrial Commission, are subject to and bound by the provisions of the Tort Claims Act, and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or non-joinder of the parties.
3. This action was filed with the Commission pursuant to the provisions of the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq., against the Department of Correction, which is a department of the State of North Carolina.
4. Plaintiff alleged negligence on the part of Sergeant Joseph Scott Burgin and Correctional Officers Meadows, Edward Morton and Eric James Wilson.
5. At times relevant to this case, the individuals alleged in the Affidavit as negligent employees or agents of the State of North Carolina were in fact employees or agents of the State of North Carolina.
6. On February 22, 2003, plaintiff was an inmate at the Marion Correctional Institute near Marion, North Carolina.
7. Plaintiff is not claiming any wage loss as damages in this matter.
8. The following exhibits were admitted into evidence at the Deputy Commissioner's hearing:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement and attached paginated documents
 (b) Stipulated Exhibits 2A and 2B: Transcript of evidence from the June 30, 2004 hearing *Page 3 
 (c) Stipulated Exhibit 3: Witness statements
 (d) Plaintiff's Exhibit 1: Medical notification slips (admitted during the June 30, 2004 hearing).
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 22, 2003, plaintiff was an inmate in the custody of defendant at the Marion Correctional Institution near Marion, North Carolina.
2. On February 22, 2003, plaintiff was ordered to the Segregation Unit. Sergeant Joseph Scott Burgin placed plaintiff in double-locked handcuffs behind his back and Correctional Officers Edward Morton and Meadows and Sergeant Burgin escorted plaintiff to the Segregation Unit.
3. Once reaching the Segregation Unit, Officer Eric James Wilson met the other officers and helped escort plaintiff to a shower stall, which was used as a holding cell for strip searches. Officer Wilson was required to check the safety of the shower area before plaintiff was placed into the shower area. The shower is a tiled enclosure, approximately four feet wide, six feet deep and six or seven feet tall, with a hinged, barred, locking door on the front. The floor of the shower slopes slightly, towards the drain. Officers Wilson and Morton testified and the Commission finds that the shower had not been used for many hours and that it was clean, dry and free of debris.
4. Plaintiff was placed into the shower stall with his hands handcuffed behind his back. In his testimony plaintiff alleged that the shower stall was wet and without mats. He *Page 4 
further alleged that he fell when his left foot caught entering the shower stall and his right foot slipped. Plaintiff stated that as a result of the fall, he sustained a left ankle fracture, torn ligaments, that he hit his head, and that his left thumb was out of joint. Plaintiff further alleged that his wrist and back were injured because Sergeant Burgin failed to double lock the handcuffs which tightened when he fell on them.
5. The Full Commission does not find plaintiff credible in his version of the incident and gives greater weight to the testimony of Sergeant Burgin and Officers Wilson and Morton. Officers Wilson and Morton observed plaintiff lean up against the wall of the shower stall and gradually slide down the wall as if he intended to sit on the shower floor. When plaintiff landed on his buttocks, he shouted that he had fallen.
6. After the incident, plaintiff received medical attention from Judy F. Presnell, R.N. Ms. Presnell saw plaintiff lying in the shower, handcuffed, and fully alert and oriented. Plaintiff complained of left-ankle pain and pain between his shoulders. Chuck Hill, R.N., removed plaintiff's shoe and noticed some swelling in plaintiff's left ankle, but no bruising.
7. On February 24, 2003, plaintiff was re-checked by Sherry Bright, R.N. and she noted that she could squeeze plaintiff's ankle without discomfort. Ms. Bright documented no bruising and very little swelling.
8. On March 19, 2003, a doctor noted plaintiff complained of left ankle, left thumb and upper right back pain. He ordered an x-ray of plaintiff's left ankle, which was performed on March 24, 2003. The x-ray was normal and disclosed no fracture or soft tissue swelling in the ankle.
9. Defendant has not alleged contributory negligence on plaintiff's part. *Page 5 
10. The Commission finds that the evidence fails to show that defendant's named employees were negligent or breached any duty of care to plaintiff. Plaintiff's fall in a dry shower stall while handcuffed was not reasonably foreseeable. Officer Burgin properly applied the handcuffs on plaintiff, and before placing plaintiff in the shower stall, Officers Morton and Wilson checked to make sure that the shower floor was not wet. The correctional officers had no reason to think plaintiff's safety was at risk when they placed him in the shower stall and therefore they had no duty to hold onto plaintiff to ensure he would not fall.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. The Tort Claims Act provides that the State is liable for the negligent acts of its employees. N.C. Gen. Stat. § 143-291 et seq.
4. North Carolina Department of Correction had a duty of reasonable care to protect plaintiff from reasonably foreseeable harm. Failure to do so constitutes negligence. Taylor v. North Carolina Dept. of Correction,88 N.C.App. 446, 451, 363 S.E.2d 868, 871 (1988). *Page 6 
5. In this case, defendant's employees, Sergeant Burgin and Correctional Officers Meadows, Morton and Wilson, were not negligent in the manner in which they handcuffed plaintiff, placed him in the shower, and where they stood in relation to plaintiff. As such, plaintiff is not entitled to recover damages from defendant.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and is hereby DENIED.
2. Each party shall pay their own costs.
This 26th day of September, 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER