***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Incident report.
2. Defendant's Exhibit #2: Incident statement by plaintiff.
3. Defendant's Exhibit #3: Witness statement — Officer Morgan.
4. Defendant's Exhibit #4: Witness statement — Nurse Ballard.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleged in his T-1 Affidavit that Administrator Sid Harkleroad and Sergeant Newton were negligent in allowing plaintiff to go down stairs unescorted while his hands were handcuffed which resulted in plaintiff falling and sustaining injury to his shoulder.
2. Plaintiff, an inmate in the custody and control of defendant, testified at the hearing before the Deputy Commissioner that after showering at Marion Correctional Institution on February 25, 2006, he attempted to climb up a set of stairs on the way to his prison cell. Plaintiff alleged in his T-1 Affidavit that he was heading down the staircase at the time when he fell.
3. Plaintiff was required to climb the stairs in his shower shoes while handcuffed behind his back. Plaintiff alleges that no officer assisted him in climbing the stairs. However, there was at least one officer, Officer Morgan, near plaintiff at the time of the incident. Having climbed approximately eight steps, plaintiff testified that he lost his footing and fell forward hitting his head and his shoulder.
4. Plaintiff requested that Officer Morgan obtain medical care for his injuries. Nurse Ballard arrived and examined plaintiff and he was returned to his cell. The Report of Accident to Inmate form completed that same day indicates that plaintiff received medical treatment and was released without restrictions.
5. Plaintiff testified that he still suffers some loss of range of motion in the left shoulder, with intermittent burning and numbness in the left forearm. However, plaintiff presented no corroborating medical records showing further medical treatment he may have received due to this incident.
6. Plaintiff's legs were not shackled at the time of the incident. Plaintiff has not presented any evidence that the restraint of his hands in any way caused him to fall. The Commission finds that the evidence fails to show that defendant's named employees were negligent or breached any duty of care to plaintiff.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The Tort Claims Act provides that the State is liable for the negligent acts of its employees. N.C. Gen. Stat. § 143-291 et seq. North Carolina Department of Correction had a duty of reasonable care to protect plaintiff from reasonably foreseeable harm. Failure to do so constitutes negligence. Taylor v. North Carolina Dept. of Correction,88 N.C. App. 446, 451, 363 S.E.2d 868, 871 (1988).
3. In this case, plaintiff has not proven that defendant's employees breached a duty of care to plaintiff to protect him from reasonably foreseeable harm. Id.
4. The burden of proving damages is on the party seeking those damages. Olivetti Corporation v. Ames Business Systems, 319 N.C. 534,356 S.E.2d 578 (1987). The party seeking damages must show that the amount of damages is based on a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty.Midgett v. Highway Commission, 265 N.C. 373, 144 S.E.2d 121 (1965).
5. Assuming arguendo that plaintiff was able to prove that defendant's employees were negligent, plaintiff has failed to prove damages.Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of March, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALANCE COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER