***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Decision and Order of the Deputy Commissioner, with minor modifications.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. James Bynum, is a prison inmate incarcerated in the custody and control of defendant North Carolina Department of Correction (hereinafter "NCDOC"). Plaintiff has alleged that one or more of Defendant's employees at Warren Correctional Institution were *Page 2 
negligent in not protecting him during an assault by inmate David Daye on or about January 29, 2009.
2. Plaintiff testified that on January 29, 2009, he noticed inmate Daye attempting to steal cigarettes from his locker that was located near the beds within the prison's dormitory area. Plaintiff further testified that while inmate Daye was reaching in plaintiff's locker, Plaintiff closed the locker door and was then assaulted by Daye for several minutes. Additionally, Plaintiff testified that inmate Daye struck him in the nose and threatened to kill him.
3. While the assault was occurring, most of the other inmates in Plaintiff's dorm were in a separate room watching a movie.
4. The Full Commission finds that the staff at Warren Correctional Institution had no reason to believe that inmate Daye would likely assault plaintiff.
5. Prior to January 29, 2009, Plaintiff had a previous encounter with inmate Daye, as the result of which, Plaintiff reasonably should have realized that inmate Daye had a quick temper and might react in a violent manner if confronted in the manner in which Plaintiff undertook.
6. The Full Commission finds that the competent evidence presented does not tend to support a finding that facility staff at Warren breached any duty of reasonable care by not discovering the assault upon Plaintiff until the next morning. There is no evidence that the assault took place over a period of time in which correctional officers should have discovered it was occurring. By Plaintiff's own admission he was too afraid of inmate Daye to mention the incident to correctional officers. It was not until another inmate reported the assault that Plaintiff was able to be treated for his injuries and Defendant could investigate the incident.
 *********** *Page 3 
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009).
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. The Department of Correction owes a duty of reasonable care to prevent reasonably foreseeable injury to inmates within its custody and control. See Taylor v. N.C. Dep't of Correction,88 N.C. App. 446, 451-52, 363 S.E.2d 868, 871 (1988). However, because no employee of Defendant either knew or reasonably should have known that inmate Daye would likely assault Plaintiff, this was not a reasonably foreseeable threat of harm, and no duty owed to Plaintiff was breached. N.C. Gen. Stat. § 143-291(a) (2009);Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 4 
5. Having failed to demonstrate that any employee of defendant could reasonably foresee any threat of harm by inmate Daye towards Plaintiff, Plaintiff has not met his burden of proof. Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Plaintiff is not entitled to receive any damages from defendant.
3. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the ___ day of March 2011.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1