***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. Having reviewed the competent evidence of record, the Full Commission reverses the Decision and Order of Deputy Commissioner Donovan.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Affidavit of Nursing Supervisor Sue Medford, Marion Correctional Institution
2. Defendant's Exhibit #2: Medical Records from Catawba Valley Medical Center
3. Defendant's Exhibit #3: Medical records post date of injury *Page 2 
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On September 2, 2005, plaintiff was transported from the Marion Correctional Institution to Catawba Valley Medical Center for scheduled treatment of a heart condition. Officers Honeycutt and Davis were the Correctional Officers present.
2. Plaintiff was manacled with his hands in front of him and was wearing ankle irons. The ankle irons were connected by a chain that had some slack allowing the chain to drag behind plaintiff.
3. Plaintiff had been transported off-site from the Marion Correctional Institution approximately 15 times prior to September 2, 2005, in the same manacles and ankle irons. At least eight of those trips had been with Officers Honeycutt and Davis. While plaintiff had usually been transported by car, he had been transported by van on at least two prior occasions.
4. Upon arrival at the hospital, plaintiff was directed to exit the transport van. Officer Honeycutt stood to the right of plaintiff as he exited the van and Officer Davis stood to the left. Officer Honeycutt warned plaintiff to watch his step. Although neither officer physically assisted plaintiff out of the van, the officers were standing on either side of the exit and were available to assist plaintiff should he have requested assistance. Plaintiff testified that he did not ask either officer for assistance as he exited the van.
5. As plaintiff attempted to exit the van, the dragging ankle chain became caught in the steps behind plaintiff and caused him to pitch forward onto the concrete parking lot, landing primarily on his right shoulder and breaking his glasses. *Page 3 
6. Plaintiff was placed on a stretcher with a neck brace and taken into the hospital where his shoulder was x-rayed. The films demonstrated "no acute fracture or dislocation." It was further noted that "minor degenerative changes are present." Plaintiff was diagnosed with a minor closed head injury and a right AC strain. He was provided with a sling, a range of motion exercise program and medication for pain.
7. Plaintiff was out of work for approximately two weeks following his fall, and continued to receive medical attention for his shoulder for some weeks. As of the date of the hearing before the Deputy Commissioner, Plaintiff still retained some intermittent discomfort in his right shoulder, primarily with changes in the weather.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The general rule is that a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.Taylor v. North Carolina Department of Correction,88 N.C. App. 446, 451, 363 S.E.2d 868, 871 (1988).
2. The named employees of defendant in this matter could reasonably have foreseen that plaintiff was in danger because he was in full restraints. Correctional Officers Honeycutt and Davis therefore had a duty to protect plaintiff from foreseeable falls when he was climbing out of the transfer van while in full restraints and unable to catch himself. In the present case, *Page 4 
the officers warned plaintiff about the danger of exiting the van while in full restraints, and stood close to the exit of the van so as to be available should plaintiff have requested assistance in climbing out of the van. The Full Commission concludes, based on the actions of Defendant's agents as demonstrated in the evidence of record, that Plaintiff has failed to show that Defendant's agents breached their duty to protect plaintiff from foreseeable falls.Id.
3. Because plaintiff has failed to show that defendant's agents were negligent, plaintiff may not recover from the State pursuant to the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDERED
1. Plaintiff shall have and recover nothing from defendant, and his claim against defendant is dismissed.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 27th day of July, 2009.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ LAURA K. MAVRETIC COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER *Page 1