HOMER WIRTH v. STEWART MONROE BRACEY.
AND
MYRTLE L. WIRTH v. STEWART MONROE BRACEY.

(Filed 11 January 1963.)

1. **Abatement and Revival § 8;    States § 5a—**

The pendency of a claim under the State Tort Claims Act to recover for injuries resulting from the negligence of a State employee in the performance of his duties, is not ground for abatement of an action later instituted by the injured party against the State employee in his individual capacity to recover for injuries resulting from the same act of negligence, since the requisite identity of parties does not exist. G.S. 1-127(3).

2. **Election of Remedies § 12—**

There is no inconsistency between proceedings under the State Tort Claims Act to recover damages inflicted as a result of negligence of a State employee and an action at common law against the employee individually to recover damages resulting from the same act of negligence, and therefore the doctrine of election of remedies does not apply.

APPEALS by defendant from *Hall, J.,* May Term 1962 of JOHNSTON.

These two civil actions grow out of a collision that occurred March 27, 1959, on U.S. Highway 301, in Johnston County, between a southbound 1957 Cadillac and a northbound 1958 Ford. Plaintiff Homer Wirth was operating the Cadillac, and his wife, plaintiff Myrtle L. Wirth, the owner of the Cadillac, was a passenger. Defendant, in the course of his employment as a member of the North Carolina Highway Patrol, was operating the Ford.

Homer Wirth's action is to recover damages on account of personal injuries. Mrs. Wirth's action is to recover damages on account of per-

sonal injuries and on account of the damage to her car. Each alleged the collision and his (her) injuries and damage were proximately caused by the negligence of defendant.

In each action, before answering the allegations of the complaint, defendant asserted (1) a first defense and plea in abatement, and (2) a second defense and plea in bar. These pleas were overruled by Judge Hall in orders dated April 12, 1962.

Thereafter, upon trial, the jury, in each action, answered the issues of negligence, contributory negligence and damages, raised by defendant's answer to the allegations of the complaint, in favor of the plaintiff. Homer Wirth was awarded damages in the amount of $5,000.00. Mrs. Wirth was awarded damages in the amount of $10.000.00.

In each case, a judgment for plaintiff, in accordance with the verdict, was entered, and defendant excepted and appealed.

*Robert A. Spence and Thomas Turner for plaintiff appellees.*
*Smith, Leach, Anderson & Dorsett for defendant appellant.*

BOBBITT, J. Defendant's assignments of error are based on his exceptions to the orders entered by Judge Hall on April 12, 1962, prior to jury trial. Defendant does not attack the manner in which the jury trial was conducted. Indeed, neither the evidence nor the court's charge is in the record on appeal.

The sole question presented by each appeal is whether the court erred in overruling defendant's said pleas in abatement and in bar. The (admitted) facts relevant to this question are: These actions were instituted July 21, 1960. Prior thereto, to wit, on or about June 10, 1960, as authorized by the Tort Claims Act, G.S. Chapter 143, Article 31, each plaintiff had filed with the North Carolina Industrial Commission a claim against the North Carolina Highway Commission to recover on account of injuries and damages sustained in said collision of March 27, 1959, on account of the alleged negligence of Bracey, defendant herein. Based on these facts, defendant pleaded, in abatement of the present action, the filing and pendency of plaintiffs' said claims with the Industrial Commission; and defendant pleaded, in bar of the present actions, that the filing of plaintiffs' said claims with the Industrial Commission constituted (a) an election of remedies and (b) a waiver and estoppel of their rights to institute the present actions.

When defendant's said pleas were heard by Judge Hall on or about April 12, 1962, and when these actions were tried in May, 1962, there had been no decision or hearing by the Industrial Commission with reference to plaintiffs' said claims. Nor does it appear that the In-

dustrial Commission has at any time acted thereon. Questions as to the legal effect, if any, if there had been a hearing and decision by the Industrial Commission prior to the trial of these actions are not presented. Nor does this appeal present questions as to the legal effect, if any, of the judgments herein upon the claims filed by plaintiffs with the Industrial Commission. Here, the fact the said claims had been filed and were pending when these actions were instituted is the basis of defendant's plea in abatement.

The rules applicable when considering a plea in abatement on the ground "(t)here is another action pending between the same parties for the same cause" (G.S. 1-127(3) ) are stated, with full citation of authority, by Ervin, J., in *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E. 2d 860, and by *Winborne, J.* (later C.J.), in *Dwiggins v. Bus Co.*, 230 N.C. 234, 52 S.E. 2d 892. Later decisions are cited in *Perry v. Owens*, 257 N.C. 98, 125 S.E. 2d 287. Our decisions, beginning with *Allen v. Salley*, 179 N.C. 147, 101 S.E. 545, relate primarily to a factual situation where the plaintiff in the second action is the defendant in the first and the defendant in the second action is the plaintiff in the first. Here, a different factual situation is involved.

In our opinion, and we so hold, the claim filed by (each) plaintiff with the Industrial Commission did not constitute *another action* pending *between the same parties* for the same cause within the meaning of G.S. 1-127(3).

"Another action," as used in G.S. 1-127(3), would seem to refer to an action of like nature, that is, a civil action instituted under and subject to the provisions of the Code of Civil Procedure. The procedure under the Tort Claims Act is *sui generis.*

Fundamental differences (apart from differences in procedure) between a claim under the Tort Claims Act and a common law action to recover damages on account of negligence include the following: The maximum amount recoverable under the Tort Claims Act is $10,000.00. G.S. 143-291. Controverted factual issues (questions) are resolved by the findings of the Industrial Commission, not by jury trial or, upon waiver of jury trial, by the court. There is no provision for the assertion of a counterclaim or cross action.

"The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796; *Pittman v. Pittman*, 248 N.C. 738, 104 S.E. 2d 880.

The only claim authorized by the Tort Claims Act is a claim against the State agency. True, recovery, if any, must be based upon the

actionable negligence of an employee of such agency while acting within the scope of his employment. However, recovery, if any, against the alleged negligent employee must be by common law action. Plaintiffs could obtain no relief against Bracey, defendant herein, under the Tort Claims Act. Compare *Perry v. Owens, supra.* Thus, even if the *claims* filed by plaintiffs against the Highway Commission under the Tort Claims Act were considered *actions* within the meaning of G.S. 1-127(3), such claims and these actions, were not, nor could they be, *between the same parties.* Hence, defendant's plea in abatement was properly overruled.

"The decisions generally are to the effect that in an action *ex delicto,* where the doctrine of *respondeat superior* is, or may be, invoked, the injured party may sue the servant alone or the master alone, or may bring a single action against both." *Bullock v. Crouch,* 243 N.C. 40, 42, 89 S.E. 2d 749; *Bullard v. Oil Co.,* 254 N.C. 756, 758, 119 S.E. 2d 910.

Prior to the enactment of the Tort Claims Act the Highway Commission, as an agency or instrumentality of the State, enjoyed immunity to liability for injury or loss caused by the negligence of its employees. Even so, then as now, an employee of such agency was personally liable for his own actionable negligence. *Miller v. Jones,* 224 N.C. 783, 32 S.E. 2d 594; *Hansley v. Tilton,* 234 N.C. 3, 65 S.E. 2d 300; *Smith v. Hefner,* 235 N.C. 1, 7, 68 S.E. 2d 783. The Tort Claims Act, waiving governmental immunity to that extent, permitted recovery against the State agency as therein provided. *Alliance Co. v. State Hospital,* 241 N.C. 329, 85 S.E. 2d 386. The obvious intention of the General Assembly in enacting the Tort Claims Act was to enlarge the rights and remedies of a person injured by the actionable negligence of an employee of a State agency while acting in the course of his employment.

"The whole doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other." Quoted by Hoke, J. (later C.J.), in *Machine Co. v. Owings,* 140 N.C. 503, 53 S.E. 345, this statement expresses succinctly the well established rule in this jurisdiction. *Surratt v. Insurance Agency,* 244 N.C. 121, 93 S.E. 2d 72, and cases cited; *Thomas v. College,* 248 N.C. 609, 616, 104 S.E. 2d 175.

There is no inconsistency in respect of plaintiff's claims against the Highway Commission and their actions against Bracey. Both are grounded on the actionable negligence of Bracey. The remedies available to plaintiffs are not inconsistent. On the contrary, they are cumulative and consistent. Moreover, no sound reason appears why the filing of said claims should be considered a waiver or estoppel of

plaintiffs' rights to institute the present actions. Hence, defendant's pleas in bar were properly overruled.

Of course, plaintiffs may not recover from all sources an amount in excess of the damages they sustained. *Ramsey v. Camp*, 254 N.C. 443, 119 S.E. 2d 209; *McGill v. Freight*, 245 N.C. 469, 477, 96 S.E. 2d 438; *Holland v. Utilities Co.*, 208 N.C. 289, 180 S.E. 592.

Having reached the conclusion that Judge Hall, by his orders of April 12, 1962, correctly overruled defendant's said pleas in abatement and in bar, and no error having been assigned in respect of any other phase of the cases, the judgments of the court below are affirmed.

Affirmed.