***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rowell, and the briefs and oral argument before the Full Commission. The appealing party has shown good grounds to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Decision and Order and enters the following Decision and Order:
 ***********
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the court, and the court has jurisdiction of the parties and the subject matter. *Page 2 
2. On May 30, 2004, Plaintiff was an inmate housed in the Moore Unit of Lanesboro Correctional Institution.
3. On May 30, 2004, Officer Richardson was an employee of the North Carolina Department of Correction, and all actions taken by her pertinent to this action were in the course of said employment.
4. On May 30, 2004, Inmate Marcus Kirkpatrick was housed in the Richmond Housing Unit at Lanesboro Correctional Institution.
5. On May 30, 2004, Inmate Timothy Davis was housed in the Anson Housing Unit at Lanesboro Correctional Institution.
6. The Parties Stipulated into evidence as Stipulated Exhibit # 1, Pre-Trial Agreement, as modified and initialed by the parties and to include the following:
 a. Investigating Officer's Report completed June 2, 2004.
 b. Statement by witness completed by Plaintiff May 31, 2004.
 c. Responses to May 29, 2004 Grievance filed by Plaintiff.
 d. July 2, 2004 Grievance filed by Plaintiff and Responses.
 e. Offense and Disciplinary Report of Timothy Davis completed June 7, 2004.
 f. Offense and Disciplinary Report of Marcus Kirkpatrick completed June 7, 2004.
 g. Plaintiff's medical records from May 26, 2004 to June 30, 2004.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following: *Page 3 
 FINDINGS OF FACT
1. On May 29, 2004, Plaintiff, who had arrived at Lanesboro Correctional Institution on May 26, 2004, left his cell in the Moore Unit to go to the canteen. When Plaintiff left his cell he ensured that the door was closed and locked. When Plaintiff returned to his cell, he found that his headphones were missing.
2. Plaintiff reported the incident to Officer Richardson who was the floor officer on May 29, 2004. Officers searched all prisoners' cells in the Moore Unit for Plaintiff's headphones but did not locate them.
3. The other inmates were aware that the search had been conducted as the result of Plaintiff's report. Plaintiff did not feel secure in light of this, and therefore, he made certain that the door to his cell was closed and locked at all times.
4. On May 30, 2004 at approximately 11:40 p.m., Plaintiff was in his cell with the door closed and locked when inmate Davis approached his cell, accompanied by inmate Kirkpatrick, and informed Plaintiff that he had taken Plaintiff's headphones. In an attempt to diffuse the situation, Plaintiff told inmate Davis to keep them. Shortly thereafter, the door to Plaintiff's cell opened and inmates Kirkpatrick and Davis entered Plaintiff's cell and began punching Plaintiff in the head and face.
5. As a result of the assault by inmates Kirkpatrick and Davis, Plaintiff's nose was pushed far to the right and remains in that position. Plaintiff also suffered a black eye, a bruised ear, and several knots on his head. Plaintiff continues to experience breathing problems and emotional distress as a result of the incident.
6. Officer Richardson, the same officer to whom Plaintiff reported the disappearance of his headphones, was working in the control booth on May 30, 2004, and, as such, it was her *Page 4 
responsibility to ensure that inmates Kirkpatrick and Davis were not out of place and that they did not enter cells which were not assigned to them.
7. Cell doors at Lanesboro Correctional Institution must be remotely opened by a correctional officer. On May 30, 2004, Officer Richardson was tasked with this responsibility. Inmates are not able to open their own doors and must request that an officer do so. At no time did Plaintiff request that the door to his cell be opened.
8. In order for inmates Kirkpatrick and Davis to reach Plaintiff, Defendant's employees had to remotely open four locked doors. Pursuant to Lanesboro Correctional Institution's standard procedures, inmates were not permitted to be outside their cells at the time of night when the incident occurred. Furthermore, inmates were prohibited from being in a unit where they were not housed. Inmates Kirkpatrick and Davis were housed in the Richmond and Anson Housing Units, respectively. Defendant's employees did not require inmates Kirkpatrick and Davis to produce the color-coded card which inmates were required to show in order to gain access to the Moore Unit.
9. Based upon the greater weight of the competent evidence of record, the Full Commission finds that Plaintiff's injuries are a direct result of the negligence of Department of Correction employees who failed to adequately supervise Plaintiff's cell block and allowed inmates Kirkpatrick and Davis to enter Plaintiff's cell and assault him, resulting in serious injuries.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following:
 CONCLUSIONS OF LAW *Page 5 
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Defendant's employees owe a duty of reasonable care to prevent reasonably foreseeable injury to inmates within its custody and control. Taylor v. N.C. Dep't of Correction,88 N.C. App. 446, 451-52, 363 S.E.2d 868, 871 (1988). Nevertheless, Defendant is not the insurer of an inmate's safety and will not be held liable every time an inmate suffers injury. Id.
4. With respect to Defendant's employees' duty of reasonable care, Officer Richardson breached her duty to Plaintiff in three instances. First, Officer Richardson allowed inmates Kirkpatrick and Davis to enter Plaintiff's housing unit around midnight, a time when inmates were not permitted to roam within their own unit, let alone units where their presence was not authorized. Second, Officer Richardson observed or, in exercising reasonable care should have observed, inmates Kirkpatrick and Davis standing outside Plaintiff's locked cell *Page 6 
door yet failed to take action to inquire about their intentions or demand that they return to their cells. Third, Officer Richardson remotely opened the door to Plaintiff's cell allowing inmates Kirkpatrick and Davis to enter the cell and assault Plaintiff.
5. The test for what is "reasonably foreseeable" is whether "some injury would result from [the employee's] act or omission, or that consequences of a generally injurious nature might have been expected." Williamson v. Liptzin,141 N.C. App. 1, 11, 539 S.E.2d 313, 319 (2000). However, it is not sufficient that an injury be "merely possible" in order to hold a defendant liable for negligence. Id.; see also Phelps v. Cityof Winston-Salem, 272 N.C. 24, 30, 157 S.E.2d 719, 723 (1967).
6. In the instant case, Officer Richardson was aware that it was Plaintiff's report to her that his headphones had gone missing that prompted the search of the cells on his block. Officer Richardson was also aware that inmates Kirkpatrick and Davis were not permitted to be on Plaintiff's unit or block, let alone, in his cell. In light of the foregoing, Officer Richardson should have reasonably foreseen the potential for Plaintiff to be assaulted.
7. Defendant's employees' breach of duty proximately caused Plaintiff injury and damages, for which he is due reasonable compensation in the amount of $10,000.00, when he was beaten by inmates Kirkpatrick and Davis. See Bolkhir v. N.C. StateUniv., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 ORDER
1. Defendant shall pay to Plaintiff the sum of $10,000.00 in money damages. *Page 7 
2. Defendant shall pay the costs of this action.
This the 20th day of April, 2010.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1