***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms and adopts the Decision and Order of the Deputy Commissioner, with some modifications, and enters the following Decision and Order.
 ***********
The following items were admitted into evidence as:
 EXHIBITS • Plaintiff's Exhibit #1: Miscellaneous Written Statements (Affidavits, Disciplinary Report, Administrative Remedy Documentation, and Plaintiff's Medical Records)
 *********** *Page 3 
Based upon the competent evidence of record, the Full Commission enters the following: FINDINGS OF FACT
1. Plaintiff Eugenio Duquesne, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on March 27, 2007 by filing a Tort Claims Affidavit alleging that employees of Defendant at Albemarle Correctional Institution were negligent in permitting inmate James Goins to remain in the general prison population. Plaintiff has alleged that this failure proximately caused personal injury to Plaintiff, as he was assaulted by inmate Goins on July 15, 2005.
2. Plaintiff has attempted to show, through his testimony and the exhibits admitted into evidence at trial, that Defendant's employees should have placed inmate Goins on a different custody level on the basis of his prior history of aggression.
3. Plaintiff sought through discovery the mental health and disciplinary prison records for inmate Goins to demonstrate he was too dangerous to be housed with other inmates. However, Plaintiff offered no further evidence tending to show that employees of Defendant knew or should have known inmate Goins posed an immediate threat to Plaintiff's safety, apart from knowing that inmate Goins had been aggressive in the past.
4. The fact that a particular inmate has been subject to disciplinary action in the past does not alone establish Defendant was negligent in allowing that inmate to remain in the general population.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW *Page 4 
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a). The Act is in partial derogation of sovereign immunity and subjects the State to liability by application of "respondeat superior" based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the State. See Stone v. N.C. Dep't of Labor,347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998) and Wirth v.Bracey, 258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Tort Claims Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Defendant's employees owe a duty of reasonable care to prevent reasonably foreseeable injury to inmates within its custody and control. Taylor v. N.C. Dep't of Correction,88 N.C. App. 446, 451-52, 363 S.E.2d 868, 871 (1988). Nevertheless, Defendant is not the insurer of an inmate's safety and will not be held liable every time an inmate suffers injury. Id.
4. The test for what is "reasonably foreseeable" is whether "some injury would result from [the employee's] act or omission, or that consequences of a generally injurious nature might have been expected." Williamson v. Liptzin,141 N.C. App. 1, 11, 539 S.E.2d 313, 319 (2000). However, it is not sufficient that an injury be "merely possible" in order to hold a defendant liable for negligence. Id.; see also Phelps v. Cityof Winston-Salem, 272 N.C. 24, 30, 157 S.E.2d 719, 723 (1967). *Page 5 
5. In the instant case, Defendant's employees had no reason to know, nor was it reasonably foreseeable, that an assault upon Plaintiff would likely take place on July 15, 2005 due to inmate Goins being housed with the general inmate population. Therefore, Plaintiff has not proven his negligence claim. Taylor v. N.C.Dep't of Correction,88 N.C. App. 446, 451-52, 363 S.E.2d 868, 871 (1988).
6. Since Plaintiff has failed to prove he is entitled to recovery under the Tort Claims Act for the negligence of any employee of Defendant, his tort claim is subject to dismissal with prejudice, and he may recover nothing from Defendant. Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
2. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
3. No costs are taxed to Plaintiff, as he was permitted to file this civil action in forma pauperis.
This the 16th day of August, 2010.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ STACI T. MEYER COMMISSIONER
S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1