***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms and adopts the Decision and Order of the Deputy Commissioner, with minor modifications, and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. John W. Williams, a prison inmate incarcerated in the custody and control of defendant North Carolina Department of Correction, initiated this civil action on 4 September 2008 by filing a Tort Claim Affidavit alleging that, on or about 16 June 2008, *Page 2 
employees of defendant at Duplin Correctional Center were negligent in failing to take adequate precautions to inspect the facility for spiders, proximately causing injury to plaintiff when he was bitten in the arm by a spider.
2. Plaintiff's testimony at trial was consistent with the allegations in his Affidavit. Plaintiff testified that the officials at the prison facility had been aware of a spider infestation but did not take any measures to deal with this problem.
3. Sergeant William Tucker testified that during the year 2006, an exterminator came to the prison facility approximately once per month to prevent infestation of spiders or insects. According to Sergeant Tucker, the discovery that an inmate had been bitten would also prompt the facility to have the exterminator make a special visit to deal with the problem. Sergeant Tucker's testimony is consistent with plaintiff's averment and testimony that an exterminator visited the facility soon after he was bitten to spray for spiders.
4. The Full Commission credits the testimony of Sergeant Tucker regarding the frequency of exterminator inspections at Duplin Correctional, and finds that the precautions taken by defendant's employees were reasonable in light of the risk of harm presented by spiders or insects.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the *Page 3 
State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina."Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988).
2. The Tort Claims Act is in derogation of the common law doctrine of sovereign immunity, and therefore its provisions must be strictly construed and followed as written. Floyd v. N.C. StateHighway Pub. Works Comm'n, 241 N.C. 461, 85 S.E.2d 703 (1955), overruled in part on other grounds, Barney v. N.C. State HighwayComm'n, 282 N.C. 278, 192 S.E.2d 273 (1972).
3. The Tort Claims Act subjects the State to liability by application of "respondeat superior" based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. Id.; see also Wirth v. Bracey,258 N.C. 505, 128 S.E.2d 810 (1963).
4. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988).
5. Defendant is not the insurer of the safety of every prison inmate in its custody, and cannot be held liable for every injury to an inmate. Taylor v. Department of Correction,88 N.C. App. 446, 363 S.E.2d 868 (1988).
6. Plaintiff has failed to present sufficient evidence to demonstrate that any employee of defendant acted with less than reasonable care with regard to his safety. The greater weight of the evidence tends to show that facility staff at Duplin Correctional coordinated routine *Page 4 
inspection of the grounds by an exterminator, and had no reason to believe an unscheduled inspection was warranted until after plaintiff was bit on 16 June 2006. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from defendant.
3. No costs are taxed to plaintiff, who was permitted to filein forma pauperis.
This the 13th day of August, 2010.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1