***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Houser.
 *********** EXHIBITS
At the hearing before the Deputy Commissioner, the parties submitted the following:
1. A DC-160 Property Inventory Form, which was admitted into the record and marked as Stipulated Exhibit (1).
 *********** *Page 2 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on February 13, 2008, by filing a Tort Claim Affidavit alleging that, on or about February 3, 2008, employees of Defendant at Scotland Correctional Institution were negligent in failing to take proper precautions to ensure that a wristwatch confiscated from Plaintiff was mailed to the home address he provided.
2. Plaintiff further alleges that the wristwatch in question never arrived at the home address he provided to Defendant.
3. Plaintiff also alleges that he has sustained damages in the amount of $69.00.
4 At the trial before the Deputy Commissioner, Plaintiff offered no firsthand testimony or any other competent evidence tending to show either that the wristwatch did not arrive at its intended destination or that this was the result of a breach of duty by an employee of Defendant.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with *Page 3 
the laws of North Carolina." Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988). Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Id.
2. In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
3. The Act subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Id.; see also Wirth v. Bracey,258 N.C. 505, 128 S.E.2d 810 (1963).
4. Plaintiff has not satisfied his burden of proving that any employee of Defendant was negligent with respect to the item of personal property at issue. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the 9th day of September, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1