***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Houser.
 *********** EXHIBITS
At the hearing before the Deputy Commissioner, the parties submitted the following:
1. An Incident Report, which was admitted into the record and marked as Stipulated Exhibit (1); *Page 2 
2. A Packet of DC-160 Property Inventory Forms, which was admitted into the record and marked as Stipulated Exhibit (2) and;
3. A Packet of Disciplinary Reports, which was admitted into the record and marked as Stipulated Exhibit (3).
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on November 7, 2008, by filing a Tort Claim Affidavit alleging that, on or about October 17, 2008, employees of Defendant at Warren Correctional Institution were negligent in failing to take proper precautions to ensure that various items of his personal property were restored to Plaintiff's possession after having been seized by facility staff for some period of time.
2. Plaintiff's testimony at the hearing was inconsistent and not entirely credible. Plaintiff at one point testified that the only type of property he was missing was "case laws" which had been intermingled with the legal documents of other inmates he had in his possession. However, Plaintiff later contradicted his prior testimony by testifying that other items of personal property were also not returned.
3. Since his incarceration, Plaintiff has been found guilty on numerous occasions of unauthorized legal assistance to other inmates, which is a disciplinary infraction in the Department of Correction. Defendant presented evidence demonstrating that Plaintiff was again discovered to be in possession of other inmates' legal materials after having threatened to set fire *Page 3 
to his prison cell. Lt. W. Darnell and his subordinate correctional sergeants thereafter made every attempt possible to ensure that Plaintiff's personal property was restored to his possession, but that the property belonging to other inmates would not be given back to Plaintiff. Three different correctional sergeants, along with Plaintiff himself, each took turns sorting through the substantial amount of legal materials confiscated from Plaintiff, during which time Plaintiff was provided with all items of property which could be identified as belonging to him.
4. Moreover, Plaintiff could have reasonably foreseen that the comingling of his documents with those belonging to other inmates, and which he was not authorized to possess, would result in his "case laws" not being identifiable as his property in the event this documentation was ever seized by Defendant's employees.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988). Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Id.
2. In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of *Page 4 
the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
3. The Act subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Id.; see also Wirth v. Bracey,258 N.C. 505, 128 S.E.2d 810 (1963).
4. Plaintiff has not satisfied his burden of proving that any employee of Defendant was negligent with respect to items of personal property at issue. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 O R D E R
1. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the 9th day of September, 2010.
 S/__________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________ BERNADINE S. BALLANCE COMMISSIONER
 S/__________ STACI T. MEYER COMMISSIONER *Page 1