***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms and adopts the Deputy Commissioner's Decision and Order with minor modifications and enters the following Decision and Order.
 ***********
The Full Commission based upon the competent evidence of record enters the following:
 FINDINGS OF FACT
1. Plaintiff, Michael Ray Cole, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on or about October 6, 2008 by filing a Tort Claim Affidavit alleging that on March 10, 2006 an employee of Defendant at Eastern Correctional Institution identified as "Officer Johnson" was *Page 2 
negligent in failing to take proper precautions to ensure that Plaintiff was permitted to walk through a sliding security door without suffering injury to his person.
2. According to Plaintiff's testimony at the hearing, Correctional Officer Johnson was stationed at a nearby control booth with remote control access to several nearby sliding security doors on the afternoon of March 10, 2006. Plaintiff further testified that Officer Johnson triggered the security door at the entrance of Plaintiff's cell dorm to close just as Plaintiff was walking through the doorway.
3. According to Officer Johnson, who testified on behalf of Defendant, the sliding security door was already beginning to close before Plaintiff approached the entryway, since Officer Johnson had initiated the closing of the door after signaling another inmate who was lingering in the doorway to move. Officer Johnson testified that Plaintiff was trying to get through the door before it closed, but misjudged it. Insofar as the testimonies of Plaintiff and Officer Johnson conflict on this point of fact, the Full Commission credits the testimony of Officer Johnson.
4. Moreover, as Officer Johnson further testified, prison inmates incarcerated at Eastern Correctional Institution are uniformly instructed not to proceed through a security door which is either on its way open or in the process of closing, but rather are told to wait for these doors to open completely before walking through. Based on the greater weight of the evidence, the Full Commission finds that Plaintiff was well aware the sliding security door was in the process of closing before he attempted to walk through the doorway. Plaintiff further knew trying to get through a closing sliding door was contrary to the regular procedure.
 ***********
The foregoing Findings of Fact engender the following: *Page 3 
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to present sufficient evidence to demonstrate that an employee of Defendant breached a duty of care owed to Plaintiff and that such breach caused injury to Plaintiff. Plaintiff has therefore failed to meet his burden of proof under the Tort Claims Act, and his claim is subject to dismissal with prejudice.
4. Even assuming arguendo that any employee of Defendant had breached a duty of reasonable care, Plaintiff's injury was foreseeably and proximately caused by Plaintiff's own failure to act with reasonable care in attempting to walk through the doorway even though the sliding security door was closing. Therefore, Plaintiff would otherwise be barred from recovery *Page 4 
under the Tort Claims Act as a consequence of his contributory negligence. N.C. Gen. Stat. § 143-291(a) (2009).
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
3. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the ___ day of September, 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1