***********
The Full Commission reviewed the prior Amended Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Amended Decision and Order of Deputy Commissioner Houser.
 ***********
The following documents were submitted as evidence to the Deputy Commissioner as:
 EXHIBITS
1. A Packet of Handwritten Documents, which was admitted into the record and marked as Plaintiff's Exhibit (1) (12 pages); *Page 2 
2. A Packet of Policy and Procedure Documents issued on July 31, 2009, was marked as Plaintiff's Exhibit (2), but not admitted into the record, with Defendant's objection thereto on the grounds given that the issue date was subsequent to the period of time being considered, therefore found to be irrelevant; Objection SUSTAINED.
3. A Packet of Defendant's Responses to Plaintiff's Interrogatories, which was admitted into the record and marked as Plaintiff's Exhibit (3); and
4. A Packet of Medical Records and Special Diet Menu, which was admitted into the record and marked as Plaintiff's Exhibit (4).
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction (hereinafter "NCDCOC"). Plaintiff has alleged that one or more of Defendant's employees at Foothills Correctional Institution were negligent in failing to provide him with a medically prescribed diet.
2. During the period of January 6, 2009, to June 17, 2009, Plaintiff was prescribed a special low-fat 2,000 calorie diet.
3. Plaintiff testified that during the period of January 6, 2009, to June 17, 2009, he was provided a diet that included imitation food products that was not sufficiently nutritional.
4. Plaintiff further testified that he was forced to sign a refusal of diet form due to not being provided the proper food items by a Ms. Wyke, Defendant's Food Service Manager at *Page 3 
Foothills Correctional Institution, and Ms. Linderman, the Dietician at Foothills Correctional Institution.
5. Plaintiff alleges to have sustained damages in the amount of $45,000.00.
6. The Full Commission finds, and the credible evidence of record establishes, that in accordance with the menu for a diet such as the one prescribed for Plaintiff, Defendant served him foods and liquids consisting of low fat meat patties, baked vegetables with no seasoning, and juices.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Pursuant to the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 4 
3. Plaintiff produced no credible evidence that Defendant, by and through its employees, violated any duty owed to him regarding his diet or the preparation and serving of his food. Id. Therefore, Plaintiff has not satisfied his burden of proving that Defendant, by and through its employees, was negligent with respect to Plaintiff's diet or the preparation and serving of his food.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DENIED.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT *Page 5 
COMMISSIONER *Page 1