***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications, the Decision and Order of the Deputy Commissioner.
 ISSUE TO BE DETERMINED
Whether Defendant, by or through its employees, was negligent in not securing items of Plaintiff's personal property, including certain medications, while he was in segregation such as to cause him to sustain damages.
 *********** EXHIBITS
At the hearing before the Deputy Commissioner, Plaintiff submitted the following: *Page 2 
 a. A Packet of Various Documents, which was admitted into the record and marked as Plaintiff's Exhibit (1) and;
 b. A Packet of DC 160 Forms dated 13 February 2009 and 15 April 2009, which was admitted into the record and marked as Plaintiff's Exhibit (2) (4-pages).
Also at the hearing before the Deputy Commissioner, Defendant submitted the following:
 a. A DC 160 Form dated 13 February 2009, which was admitted into the record and marked as Defendant's Exhibit (1).
 ***********
Based upon the competent and credible evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. William B. Reeves, is a prison inmate who is incarcerated in the custody and control of Defendant, North Carolina Department of Correction. Plaintiff has alleged that one or more of Defendant's employees at Scotland Correctional Institution acted negligently in misplacing his personal property.
2. Specifically, Plaintiff testified that on February 13, 2009, Correctional Officers K. Edwards and R. Rouse placed him in a segregation cell. Plaintiff received some of his property while in segregation and the remainder of his property was placed in storage by Defendant. At the hearing before the Deputy Commissioner, Plaintiff testified that upon his release from segregation on April 15, 2009, he never received the following items: (1) self-medications for his hemorrhoids, feet and ankles; (2) magazines; (3) legal related materials; (4) a pair of Dr. 2 shoes; (5) an assortment of pictures, cards and papers; and (6) a watch. *Page 3 
3. Plaintiff asserts that as a result of Defendant's alleged negligence, he has sustained damages totaling $400,000.00.
4. A Department of Correction D.C. 160 Form dated February 13, 2009, which is signed by Plaintiff as being accurate and complete, lists the items of his personal property that remained in his possession when he was placed in segregation. Among the items listed are the following: (1) assorted self medications, (2) letters; (3) five books; (4) five magazines; (5) a pair of New Balance shoes; (6) five pictures; (7) legal related materials and; (8) playing cards. Plaintiff also signed the portion of the Form acknowledging his receipt of the listed items.
5. Some of the items listed and signed for by Plaintiff on this D.C. 160 are among the items Plaintiff asserts Defendant, by and through its employees, negligently failed to return to him upon his release from segregation. These include the following: (1) assorted self medications, (2) magazines; (3) pictures; (4) legal related materials and (5) cards.
6. A second Department of Correction D.C. 160 Form dated February 13, 2009, which is signed by Plaintiff as being accurate and complete, lists the items of Plaintiff's personal property that were put in storage when he was placed in segregation. Among the items listed include the following: (1) assorted papers, cards and pictures; (2) assorted legal related materials; (3) a pair of Dr. 2 shoes; (4) one large picture and; (5) a Casio digital watch.
7. Another Department of Correction D.C. 160 Form dated April 15, 2009, which is signed by Plaintiff as being accurate and complete, indicates that upon being released from segregation, Plaintiff took possession of items of personal property that had been in storage. Among the items listed include the following: (1) Biotene mouthwash, (2) Dr. 2 shoes, (3) a Casio watch, (4) various creams and medications, and (5) a handbook. Plaintiff also signed the portion of the Form acknowledging receipt of these items, among others. *Page 4 
8. Plaintiff has produced no credible evidence that Defendant, by or through its employees, breached any duty owed to him or was negligent in the securing and storing of (1) a pair of Dr. 2 shoes or (2) his watch. This finding is based upon items listed on the D.C. 160 forms and signed for by Plaintiff acknowledging his receipt of the same.
9. Defendant, by and through its employees, owed to Plaintiff a duty of reasonable care in the securing and storing of his personal property. However, Plaintiff has failed to produce sufficient credible evidence upon which to find that Defendant, by or through its employees, breached any duty owed to him with regard to these items.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Pursuant to Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 5 
3. In order to prevail in a tort claim filed pursuant to the Act, a Plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the Plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the Plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Defendant, by and through its employees, owed to Plaintiff a duty of reasonable care in the securing and storing of his personal property. Id. However, Plaintiff has failed to produce sufficient credible evidence upon which to find that Defendant, by or through its employees, breached any duty owed to him with regards to securing and storing Plaintiff's items. Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Plaintiff is not entitled to receive any damages from Defendant.
3. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the ___ day of August, 2011.
 S/___________________ TAMMY NANCE COMMISSIONER
CONCURRING: *Page 6 
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ LINDA CHEATHAM COMMISSIONER *Page 1