***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications the Decision and Order of the Deputy Commissioner.
 *********** EXHIBITS
At the hearing before the Deputy Commissioner, Plaintiff submitted the following:
 a. A Sick-Call Form, which was admitted into the record and marked as Plaintiff's Exhibit 1 (1 page), and; *Page 2 
 b. A packet of Administrative Remedy Forms, denominated on the record as an Affidavit with Accompanying Documents, which was admitted into the record and marked as Plaintiff's Exhibit 2 (4 pages).
 ***********
Based upon the competent evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. William B. Reeves, is a prison inmate in the custody and control of Defendant, North Carolina Department of Correction. On May 11, 2010, Plaintiff filed a Tort Claims Affidavit alleging that Nurse Hardy and Nurse Stubbs, employees of Defendant working at Scotland Correctional Institution, were negligent in providing him with the incorrect prescription medication.
2. Plaintiff testified that on December 29, 2009, Nurse Hardy administered to him a medication that made him feel unusual. On the date in question Nurse Hardy placed Plaintiff's medication in an envelope and then gave the envelope to Plaintiff for him to take.
3. Plaintiff claims that Nurse Hardy did not follow protocol in administering the medication. However, at that time, pursuant to policy, it was permissible to give inmates who were in segregation their medication in envelopes.
4. Plaintiff claims that as a result of this medication incident he suffered damages exceeding $325,000.00. However, he did not offer any evidence that he in fact received the wrong medication, nor did he offer evidence to corroborate the nature and extent of the alleged injury or alleged damages he claims to have incurred. *Page 3 
5. The Affidavit Plaintiff filed to initiate this claim did not comply with Rule 9(j) of the Rules of Civil Procedure, and Plaintiff did not offer any evidence at hearing from a medical expert that either Nurse Hardy or her supervisor Nurse Stubbs failed to comply with the applicable standard of care in administering his medication.
6. Assuming, arguendo, that Nurse Hardy did administer the wrong medication to Plaintiff on the above-referenced date, Plaintiff failed to prove by the greater weight of the evidence the nature and extent of his injury and whether that injury was proximately caused by receiving the wrong medication.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 4 
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Plaintiff failed to prove that Defendant, by or through its employees, breached any duty to provide him with the proper prescription medication. Id. Additionally, Plaintiff has failed to meet his requisite burden of proving that he was injured by any action or inaction, or breach of duty by Defendant, by or through its employees. Id.
5. Alternatively, assuming, arguendo, that Nurse Hardy did administer to Plaintiff the wrong medication on the above-referenced date, Plaintiff failed to prove by the greater weight of the evidence the nature and extent of his injury, and whether that injury was the proximate result of receiving the wrong medication. Id.
6. Rule 9(j) of the Rules of Civil Procedure provides that "[a]ny complaint alleging medical malpractice by a health care provider . . . in failing to comply with the applicable standard of care under G.S. § 90-21.12 shall be dismissed "if the pleading does not assert that a person who is or may be qualified as an expert witness is willing to testify that the medical care did not comply with the applicable standard of care, or if the pleading does not allege facts establishing negligence under the existing common-law doctrine of res ipsa loquitur." Plaintiff's failure to comply with Rule 9(j) subjects his claim to dismissal.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER *Page 5 
1. Plaintiff's claim is hereby DENIED.
2. Plaintiff is not entitled to receive any damages from Defendant.
3. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the ___ day of September 2011.
 S/___________________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/_____________ LINDA CHEATHAM COMMISSIONER
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER *Page 1