***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence adduced from the hearing, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff James Oliver, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on December 30, 2009, by filing a Tort Claims Affidavit alleging that an employee of Defendant at Bertie Correctional Institution was negligent in destroying his prayer oil. *Page 2 
2. On or about December 13, 2008, Plaintiff was placed in segregation at Bertie Correctional. In keeping with policy, some of his personal property was placed in storage by prison personnel.
3. On January 10, 2009, Sergeant Sheri Williams confiscated from Plaintiff's personal property a bottle of what appeared to be baby oil. Plaintiff claims that the oil was in fact coconut-scented aloe oil which he purchased from the prison canteen to use as prayer oil.
4. Being unsure as to whether the oil she confiscated was prayer oil, Sergeant Williams sought the advice of the Institution's Chaplain. The Chaplain advised Sergeant Williams that the oil inside the bottle was not prayer oil.
5. It is the policy at Bertie Correctional that an inmate can send contraband home before it is destroyed.
6. Plaintiff was informed several months prior to January 2009 that baby oil is contraband at Bertie Correctional. He had ample opportunity to mail the baby oil home but he failed to do so.
7. Sergeant Williams did not fail to exercise reasonable care before disposing of the bottle and its contents.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity, see *Page 3 
 Stone v. N.C. Dep't of Labor,347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See id.; see alsoWirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In the instant case, Sergeant Williams undertook every reasonable means to ascertain the contents of the bottle confiscated from Plaintiff. Based upon the advice of the Chaplain, and the surrounding circumstances, Sergeant Williams disposed of the property as contraband.
4. Sergeant Williams acted as a reasonable officer in her position would have acted under the circumstances. Therefore, Plaintiff failed to prove by the greater weight of the evidence that an employee of Defendant breached a duty of care owed to him.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
3. Each party shall pay its own costs.
This the ___ day of September, 2011.
 S/___________________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/_______________ LINDA CHEATHAM COMMISSIONER
 S/_______________ BERNADINE S. BALLANCE COMMISSIONER *Page 1