***********
The Full Commission has reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Holmes, with minor modifications.
 *********** ISSUE *Page 2 
Plaintiff filed a Tort Claim Affidavit alleging that an employee of Defendant at the North Carolina Institution for Women was negligent in closing the door to her cell, and that, as a result, the door hit her right shoulder before she was able to completely pass through it into her cell.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Domoinique Henderson, a prison inmate incarcerated in the custody and control of Defendant, North Carolina Department of Correction, initiated this civil action on May 18, 2009, by filing a Tort Claim Affidavit alleging that an employee of Defendant, Correctional Officer Beverly Major, was negligent in closing the door to her cell, with the result that the door hit Plaintiff's right shoulder as she passed through it into her cell. Plaintiff alleges damages in the amount of $8,000.00 as a result of the alleged negligence of Officer Major.
2. The evidence shows that, on March 21, 2009, Officer Major was stationed in the control booth, and was therefore responsible for opening and closing inmates' cell doors, including Plaintiff's. At approximately 12:15 p.m. on the date in question, Plaintiff was being escorted back to her cell by another Correctional Officer, Margaret Allen. As Plaintiff attempted to enter her cell, Officer Major depressed the button to close the door. As the door was closing, it made contact with Plaintiff's right shoulder. After this happened, Plaintiff was able to slide past the door into her cell before the door closed completely.
3. Officer Allen testified that the cell doors close slowly and with minimal force, and that, if necessary, the door can be stopped by placing one's foot in its path. Officer Allen further *Page 3 
testified that, after the door made contact with Plaintiff's shoulder, Plaintiff did not appear to be injured.
4. Regarding the severity of her injury immediately following the incident, Plaintiff testified at the hearing before the Deputy Commissioner, "At the time, it didn't hurt. It just had a little tingly feeling or whatever. . . ." Regarding the then current condition of her shoulder, Plaintiff testified, "It's okay. It's just I get soreness every now and then, but it's okay."
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See id.; see also Wirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 4 
3. In the instant case, Plaintiff has failed to prove by the greater weight of the evidence that she was injured as a result of the incident complained of. As evidenced by the minimal force with which the slider door in question closed, any contact made with Plaintiff's person was de minimus.
4. Accordingly, Plaintiff has failed to prove she is entitled to recovery under the Tort Claims Act for the negligence of any employee of Defendant. Her tort claim is subject to dismissal with prejudice, and she may recover nothing from Defendant.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
3. No costs are taxed to Plaintiff as Plaintiff was permitted to file this action in forma pauperis.
This the ___ day of September, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER *Page 5 
 S/_____________ TAMMY R. NANCE COMMISSIONER *Page 1