***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gillen, and the briefs and arguments of the parties before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence and the Full Commission AFFIRMS with minor modifications the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before Deputy Commissioner Gillen as:
 STIPULATIONS
1. Exhibits:
 a. The pretrial agreement marked as stipulated exhibit 1. *Page 2 
 b. Twelve pages of medical expenses, collectively paginated 1-12 and marked as stipulated exhibit 2.
2. The parties stipulated on the record that Plaintiff is 100% blind in one eye.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At approximately 10:00 p.m. on May 18, 2001, Plaintiff, an inmate in N.C. Department of Correction's (hereafter DOC) custody at Pasquotank Correctional Institution, was stabbed in the eye with a pencil by inmate Larry Stanfield. Inmate Stanfield attacked Plaintiff apparently because Stanfield was mentally unstable and had racist beliefs. Stanfield was a validated member of the "Five Percenter" and/or "Security Threat Group" gangs. These gangs hold tenants that include a very negative view of Caucasian people. Plaintiff, who is Caucasian, was in an HVAC class with Stanfield. In approximately March 2001 Stanfield did not like the way Plaintiff talked to the HVAC class instructor. In the HVAC class, Stanfield subsequently called Plaintiff a "wizard" and threatened Plaintiff in a general way.
2. Although Plaintiff reported Stanfield's remarks to the HVAC instructor and Plaintiff's unit manager, Plaintiff did not request protective custody or convey a belief that an attack was imminent.
3. Stanfield's cell neighbored Plaintiff's cell. On the evening of May 18, 2001 Plaintiff was attacked by Stanfield and two other inmates in Plaintiff's cell. The three men beat Plaintiff nearly unconscious and stabbed Plaintiff in the left eye with a pencil. The optic nerve in Plaintiff's left eye was crushed by the pencil. *Page 3 
4. Plaintiff alleges that defendant was negligent in failing to prevent inmate Stanfield's May 18, 2001 attack on Plaintiff.
5. The May 18, 2001 incident was investigated by prison personnel. Plaintiff was charged with "provoking an assault" in connection to the assault. Furthermore, the report compiled regarding the May 18, 2001 incident resolved that horseplay led to the incident.
6. Defendant had no reasonable way to predict and/or prevent inmate Stanfield's assault. Notwithstanding Stanfield's words to Plaintiff approximately two months previous, until the attack was underway, inmate Stanfield was not believed to be a threat to assault or injure Plaintiff. The Full Commission finds Plaintiff's assault from inmate Stanfield was not reasonably foreseeable based on the evidence presented.
7. The Full Commission finds that Plaintiff did not present sufficient evidence to establish negligence of any named DOC employee.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The terms of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. Dept. of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Plaintiff has failed to state a claim for negligence upon *Page 4 
which relief can be granted. Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. The Tort Claims Act provides that the State is liable for the negligent acts of its employees. N.C. Gen. Stat. § 143-291 et seq.
4. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. RexHospital, 326 N.C. 701, 392 S.E.2d 380 (1990).
5. Defendant's employees owe a duty of reasonable care to prevent reasonably foreseeable injury to inmates within its custody and control. Taylor v. N.C. Dep't of Correction,88 N.C. App. 446, 451-52, 363 S.E.2d 868, 871 (1988).
6. It is well established law that Defendant is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another . . ."Taylor v. N.C. Dept. of Correction,88 N.C. App. 446 at 452, 363 S.E.2d 868 at 871 (1988).
7. Given that no duty owed to Plaintiff was breached by any named defendant, Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the State while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused Plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based on the above findings of fact and conclusions of law, the Full Commission enters the following: *Page 5 
 ORDER
1. Under the law, Plaintiff's claim for negligence must be, and is hereby DENIED.
This ___ day of June, 2011.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/________________ LINDA CHEATHAM COMMISSIONER
 S/________________ STACI T. MEYER COMMISSIONER *Page 1